IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| D C ECHOLS, #165 602 | * | |
| Petitioner, | * | |
| v. | * | 2:11-CV-484-ID |
| | | (WO) |
| STATE OF ALABAMA, *et al.*, | * | |
| Respondents. | * | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is pending before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed on June 17, 2011 by D C Echols, a state inmate presently incarcerated at the Staton Correctional Facility in Elmore, Alabama.[1] In this action, Petitioner challenges his conviction for first degree sodomy imposed upon him by the Circuit Court for Montgomery County, Alabama, on October 22, 1991. Petitioner is serving a 21 year term of imprisonment.

---

[1] Although the Clerk of this court stamped the present petition "filed" on June 21, 2011, Petitioner signed the petition on June 17, 2011. The law is well settled that a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Echols] signed it . . . " *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers June 17, 2011 as the date of filing.

## I. DISCUSSION

A review of the records of this court indicates that Petitioner filed a previous habeas corpus petition under 28 U.S.C. § 2254 challenging his 1991 sodomy conviction. Petitioner filed the previous habeas petition on July 21, 1992. *Echols v. Mosley, et al.*, Civil Action No. 2:92-CV-875-WHA (M.D. Ala. 1992). In that prior action, the court denied Petitioner relief from his Montgomery County sodomy conviction finding his habeas application to be without merit. (*Id. at Doc. Nos. 17, 19*.) Petitioner filed a second habeas application on July 20, 1995 seeking to challenge his 1991 sodomy conviction. *Echols v. Davis, et al.*, Civil Action No. 2:95-CV-960-ID (M.D. Ala. 1995.) The court dismissed the petition as successive. (*See Id. at Doc. Nos. 12, 14*.)

Pursuant to the provisions of 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (C).

It is clear from the pleadings filed by Petitioner that he has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to

consider a successive application for habeas relief.  "Because this undertaking [is a successive] habeas corpus petition and because [Petitioner] had no permission from [the Eleventh Circuit] to file a s[uccessive] habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001).  Consequently, the present petition for habeas corpus relief is due to be denied and this case summarily dismissed.  *Id*. at 934.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner on June 17, 2011 be DENIED.

2.  This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) as Petitioner has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

It is further

ORDERED that on or before **July 25, 2011** the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 11th day of July, 2011.

                                          /s/Charles S. Coody
                                      CHARLES S. COODY
                                      UNITED STATES MAGISTRATE JUDGE